1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

ANTOINE P. LeBLANC,

Plaintiff,

v.

JOHN SOTO, *et al*.,

Defendants.

Case No. CV 15-05174 JLS (AFM)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

17

18

19

20

21

22

23

24

25

26

On July 9, 2015, plaintiff, a state prisoner presently incarcerated at the California Health Care Facility in Stockton, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. Plaintiff's claims arise from incidents that took place while he was incarcerated at the California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC"). (Doc. No. 1 at 2.)[1] The Complaint names as defendant Warden John Soto, in his individual and official capacities. (*Id.* at 3.) On October 23, 2015, plaintiff filed a motion for leave to amend the

27

28

---

[1] The Court references the electronic version of the Complaint because the document plaintiff filed does not have consecutive page numbers.

Complaint, which the Court granted.  (Doc. Nos. 17-18.)[2]  On October 27, 2015, plaintiff filed a First Amended Complaint ("FAC"), which consists of more than 300 pages including exhibits.  (Doc. No. 19.)  The FAC lists Warden Soto and various other prison officials from CSP-LAC as defendants in multiple places in the pleading.  All defendants are named in their official as well as individual capacities.  (*Id.* at 3-7, 24-28, 32-37; Doc. No. 19-1 at 16.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2]   By Order of the Chief Magistrate Judge, this case was transferred to the calendar of the below Magistrate Judge on July 20, 2015.

2

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than April 27, 2016, remedying the**

3

**deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[3]

## DISCUSSION

Plaintiff's FAC fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).  Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193,

---

[3]  Plaintiff is advised that this Court's determination herein that the allegations in the First Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your First Amended Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3.  Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading.  Here, the caption of the FAC lists only John Soto as a defendant.  In the body of the FAC, however, plaintiff lists multiple other defendants in four separate places.  Further, plaintiff's pages do not have consecutive numbers.  If plaintiff desires to proceed with this action, he must comply with Local Rules 11-3.1, 11-3.2, and 11-3.3 concerning the format of his pleading.

Second, the Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against any individual defendant in his or her official capacity.  The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for

past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Engineering v. University of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983. *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections). Accordingly, because the individual defendants are alleged to be employees of the CDCR, plaintiff may not seek monetary damages against state employees in their official capacities.

Third, plaintiff references multiple legal grounds within each "claim." Plaintiff's "Claim I" purports to raise a claim for denial of plaintiff's First Amendment right of access to the courts. (Doc. No. 19 at 8.) Plaintiff alleges that Warden Soto is liable for this constitutional violation because the Warden "knew or should've [sic] known that the denial of pen fillers to indigent inmates would obstruct their access to the courts." (*Id.* at 19.) Plaintiff's factual allegations state that he was denied "pen fillers" in November 2014, and that the "informal policy" of CSP-LAC was to deny "pen fillers to general population indigent inmates." (*Id.*) Plaintiff also alleges that a "civil suit" was "dismissed because [he] was unable to

1    file documents in a timely manner." (*Id.*) Plaintiff alleges that he filed a form

2    requesting pen fillers from the "Inmate Trust Office," but it was denied. (*Id.* at 8-

3    9.) Plaintiff goes on to state that he attempted suicide on December 30, 2014. (*Id.*

4    at 10.) Plaintiff once again alleges that officials "refused to supply inmates with

5    pen fillers and paper." (*Id.* at 10.) He filed administrative appeals that were

6    cancelled; plaintiff alleges that the cancelations showed officials' "complete

7    indifference" to the issue. (*Id.* at 11-12.) Many of plaintiff's factual allegations in

8    "Claim I" pertain to the administrative appeal process. (*Id.* at 11-17.) But within

9    his "Claim I," plaintiff also alleges that he was assaulted by Correctional Officer

10    Tabak for "requesting pen fillers." (*Id.* at 15.) In addition, plaintiff alleges that

11    Associate Warden Jordan "signed off on RVR #15-06-0122," and that the RVR

12    "stemmed from the constant denial of pen fillers." (*Id.* at 18.) At the conclusion of

13    his "Claim I," plaintiff seeks compensatory damages against defendants for

14    "cancelling" his appeals and refusing to investigate an RVR "premised on the

15    denial of pen fillers." (*Id.* at 19-22.)

16        Accordingly, it appears to the Court that plaintiff is purporting to raise

17    multiple claims within his "Claim I." To the extent that he is purporting to raise a

18    claim for denial of access to the courts, in order for plaintiff to state such a claim,

19    he must show that he suffered an "actual injury" as a result of the defendants'

20    actions. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). In order to establish an

21    "actual injury," plaintiff "must show that official acts or omissions 'hindered his

22    efforts to pursue a [non-frivolous] legal claim.'" *Phillips v. Hust*, 588 F.3d 652,

23    655 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 (alteration in original)). The

24    right of access to the courts is limited to "the capability of bringing contemplated

25    challenges to sentences or conditions of confinement before the courts." *Lewis*, 518

26    U.S. at 356. As the Ninth Circuit has noted, the Supreme Court has "made clear"

27    that prisoners are guaranteed "no particular methodology, but rather the conferral of

28    a capability -- the capability of bringing contemplated challenges." *Phillips*, 588

F.3d at 655.  Moreover, *Bounds* requires only that prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts."  *Id.* at 656 (citing *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)).  Here, plaintiff's FAC fails to allege that he suffered any actual injury as a result of the actions of any defendant.

Further, to extent that plaintiff may be purporting to raise a federal civil rights claim arising from his allegations that defendants failed to answer or investigate the numerous grievances that he filed, a prisoner has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Here, plaintiff fails to set forth a short and plain statement alleging that any defendant knew that his or her failure to adequately resolve plaintiff's grievances placed plaintiff at any risk.  *See, e.g,. Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (*en banc*) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner mush show both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015*)*.

In plaintiff's "Claim 2," plaintiff references his "First Amendment right to freedom of speech," and he purports to raise this claim based on the denial of "pens

and paper" that "severely hampered [his] right to write letters."  (Doc. No. 19 at 29-30.)  In his "Claim 3," plaintiff also references the "interception and rerouting of interfacility mail."   (Doc. No. 19-1 at 4.)   Although inmates have a First Amendment right to send and receive mail, prison officials "may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'"  *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  An isolated instance of interference with letter writing will not support a constitutional violation, and plaintiff's FAC fails to set forth a short and plain statement of specific facts showing that the refusal of prison officials to provide pen fillers or their interference with his mail was more than an isolated incident and that the actions significantly impinged on his ability to write letters.

Further, in plaintiff's "Claim 3," plaintiff purports to state a claim against several defendants pursuant to the Eighth Amendment's Cruel and Unusual Punishment clause.  (Doc. No. 19 at 38.)  Plaintiff alleges that defendants violated his right to be free from cruel and unusual punishment by denying plaintiff "a writing implement," which "inhibit[ed]" plaintiff "from writing [his] dying brother."   Plaintiff also alleges that he was suffering from depression and the "denial" caused plaintiff suffering.  (Doc. No. 19-1 at 1-9.)  Within this claim, plaintiff also references "retaliatory actions," and a search of his cell (*id.* at 6), the use of derogatory language (*id.* at 9), and a failure to stop an assault (*id.*). Accordingly, the factual or legal basis of plaintiff's "Claim 3" is not clear to the Court.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise, which defendants he is purporting to raise what claims against, and what the legal and factual basis of each of plaintiff's claims may be.  The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the FAC liberally and must afford him the

benefit of any doubt.  *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56).  In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.

The Court therefore finds that the FAC fails to comply with Rule 8.

In addition, to the extent that plaintiff is seeking injunctive relief (*see, e.g.*, Doc. No. 19 at 23), if plaintiff was transferred from CSP-LAC, his transfer renders any such request moot.  *See Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (stating that an inmate's transfer from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies).

\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than April 27, 2016, remedying the pleading deficiencies discussed above.**  The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended

Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.


DATED: March 17, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE