**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTOINE P. LeBLANC,<br><br>              Plaintiff,<br><br>    v.<br><br>JOHN SOTO, *et al.,*<br><br>              Defendants. | Case No. CV 15-05174-JLS (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.   SUMMARY OF PROCEEDINGS

On July 9, 2015, plaintiff, a state prisoner presently incarcerated at the California Health Care Facility in Stockton, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He subsequently was granted leave to proceed without prepayment of the full filing fee.  Plaintiff's claims arise from incidents that took place while he was incarcerated at the California State Prison – Los Angeles County in Lancaster, California ("CSP-LAC").  (ECF No. 1 at 2.)[1]  The Complaint named as defendant Warden John Soto, in his individual and official capacities.  (*Id.* at 3.)  On October 23, 2015, plaintiff filed a motion for leave to amend the

---

[1]  The Court references the electronic version of the pleadings.

Complaint, which the Court granted.  (ECF Nos. 17-18.)[2]  On October 27, 2015, plaintiff filed a First Amended Complaint ("FAC"), which consists of more than 300 pages including exhibits.  (ECF No. 19.)  The FAC named Warden Soto and various other prison officials at CSP-LAC as defendants.   All defendants were named in their official as well as individual capacities.  (*Id.* at 3-7, 24-28, 32-37; ECF No. 19-1 at 16.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).  After careful review and consideration of the FAC, the Court found that plaintiff's allegations appeared insufficient to state any claim on which relief may be granted.  Plaintiff was apprised that his allegations failed to comply with Federal Rules of Civil Procedure 8(a) and 8(d); the Eleventh Amendment bars plaintiff's federal civil rights claims for monetary damages against an individual defendant in his or her official capacity; to the extent plaintiff was purporting to raise any claims for denial of access to the courts, he must show that he suffered an "actual injury" as a result of the defendants' actions; plaintiff may not raise a federal civil rights claim arising from a failure by prison officials to adequately process grievances because prisoners have no constitutional right to an effective grievance or appeal procedure; and to the extent plaintiff was seeking injunctive relief, his transfer from CSP-LAC rendered any such request moot.  (*See* ECF No. 20.)

Accordingly, the FAC was dismissed with leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss

---

[2]  By Order of the Chief Magistrate Judge, this case was transferred to the calendar of the below Magistrate Judge on July 20, 2015.

a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).  Plaintiff was ordered, if he still desired to pursue this action, to file a Second Amended Complaint no later than April 27, 2016, remedying the pleading deficiencies discussed in the Court's Order Dismissing. Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that the action be dismissed with prejudice.  (*See* ECF No. 20.)

Following an extension of time, plaintiff filed a Second Amended Complaint ("SAC," ECF No. 25) on May 3, 2016.  The SAC names ten defendants from CSP-LAC, including Warden Soto; Associate Wardens Ulstad and Jordan; Chief Deputy Wardens Biaggini and Cano; Voong, the Chief of Inmate Appeals; and Appeals Coordinator Fordham.  Once again, all defendants are named in their official as well as individual capacities.  (ECF No. 25 at 4-8.)  Plaintiff raises four claims arising from the repeated refusal of prison officials to provide him with paper and pen fillers and an alleged "misappropriation of funds" (*id.* at 24).  The SAC seeks compensatory and punitive damages (*id.* at 26-27, 30-31), declaratory relief, and injunctive relief to "require defendants to supply the entire indigent population with pen fillers and paper at their expense" (*id.* at 28-29), and an "audit of the financial state and budget of CSP-LAC" regarding the "misappropriation of funds i.e. pen fillers and paper" (*id.* at 32).

On July 19, 2016, plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction.  (ECF No. 27 "Motion".)  Plaintiff's Motion included an attached Exhibit A, a Rules Violation Report ("RVR") concerning an incident that occurred on June 28, 2016, at CSP-LAC.  In his Motion, plaintiff sought "protection" from the Court to "prevent any more retaliatory actions" and alleged that he was in imminent danger of harm.  (ECF No. 27 at 1, 7.)  Plaintiff stated that he and his cellmate had been attacked and beaten by two Correctional Officers at

CSP-LAC.   Following the incident, plaintiff was taken to the hospital and then transferred to a different facility.  (*Id.* at 3.)  The RVR that plaintiff attached to his TRO motion indicates that felony prosecution of plaintiff is likely for attempted murder following the incident on June 28, 2016.  (*Id.* at 8-9.)  Plaintiff's request for a temporary restraining order was denied by the District Judge on July 20, 2016, because plaintiff had failed to show any likelihood that the harm would be repeated following his transfer.  (ECF No. 28.)

On August 18, 2016, plaintiff notified the Court that he had been transferred to the California Health Care Facility in Stockton, California.  (ECF No. 29.)  Also on August 18, 2016, plaintiff filed a Motion seeking copies of complaints and motions pending in his federal cases because, at the time that he was transferred from CSP-LAC on June 28, 2016, his property did not accompany him.  As of August 11, 2016, his legal documents had not been returned to him.  Plaintiff stated in an attached declaration (signed on August 11, 2016) that "without my property . . . it will hinder my progress in all cases pending before your court."  (ECF No. 30 at 1-3.)  In response, the Court ordered the Deputy Attorney General to make an effort to locate plaintiff's legal property.  (ECF No. 34.)  On September 23, 2016, the Deputy Attorney General notified the Court that plaintiff's property had been located and would be "transported forthwith" to his present facility.  (ECF No. 35.)

Also on August 18, 2016, plaintiff notified the Court of his intent to appeal the Court's denial of his Motion for a Temporary Restraining Order, and, on August 29, 2016, the Court was notified by the Ninth Circuit that plaintiff had filed an appeal.  (ECF Nos. 31, 33.)

On August 22, 2016, plaintiff filed another Request for Preliminary Injunction herein, seeking an order requiring defendants to provide pen fillers and paper to indigent inmates at CSP-LAC, the same relief that he seeks, in part, in his SAC.  (ECF No. 32.)

Having now been notified that plaintiff has regained, or soon will regain, possession of his legal documents, the Court, in accordance with the mandate of the PLRA, has screened the SAC prior to ordering service.  The Court's screening of the pleading under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati*, 791 F.3d at 1039 (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)).  In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

5

on its face.' . . .   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the SAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state any claim on which relief may be granted.  Because plaintiff is appearing *pro se*, the Court must afford plaintiff the benefit of any doubt.  *See Karim-Panahi*, 839 F.2d at 623.  Therefore, the Court will provide him with one final opportunity to amend his pleading to correct the deficiencies set forth below.  Accordingly, the FAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than November 18, 2016, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[3]

---

[3]  Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS

Prior to plaintiff's "arrival" at CSP-LAC, plaintiff had a "civil suit" against a "Duane Folke" pending in Los Angeles County Superior Court.  (ECF No. 25 at 9.)  After arriving at CSP-LAC, plaintiff "soon realized that staff do not give pen fillers or paper nor [sic] any other writing utensil."  (*Id*.)  Plaintiff "corresponded with the courts [sic] intermittently by borrowing pens from inmates against the rules of CDC."  (*Id.*)  Plaintiff corresponded with the Superior Court in September and October 2012, and he received mail from the Superior Court from September 2012 through February 2013.  (*Id.* at 9-10.)  Plaintiff states the conclusory allegation that his Superior Court case was "dismissed" because CSP-LAC denied "access to pen fillers or pencils."  (*Id.* at 10.)

Plaintiff requested pen fillers and paper on November 11, 2014 "from the Inmate Trust Office," which sent him to the mailroom.  The mailroom sent him to the floor staff at his facility, and the floor staff refused his request.  (*Id*. at 10-11.)

Plaintiff alleges that, "[b]etween December 17, 2014, current, numerous appeals were either rejected or cancelled" by defendant Fordham.  (*Id.* at 11.)  Plaintiff explained to defendant Fordham that plaintiff did not have any pens, and that CSP-LAC does not distribute pens.  (*Id*.)  Plaintiff also alleges that Sergeant Gonzales accommodated plaintiff "one time."  (*Id.* at 12.)  In addition, plaintiff alleges that his "access to the grievance procedure was denied" by Fordham on nine dates from December 19, 2014, through September 2, 2015.  (*Id.* at 11.)  Further, plaintiff alleges that some of his administrative grievances were rejected because he wrote them in pencil.  (*Id*. at 11, 15.)

---

to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Plaintiff also alleged that defendants' "intentional denial of writing materials was causing a deterioration in my mental health." (*Id.* at 16-17.)  "Between July 2014 and August 2015," plaintiff had mental health issues "due to situational, emotional and institutional stressors," and he attempted suicide on December 30, 2014.  (*Id.* at 22.)  In addition, plaintiff alleges that he suffered from depression, and he let unspecified officials know (at unspecified times) that "they were hampering, denying my ability to contact my family, one who was terminally ill." (*Id.* at 21.)

## III.   DISCUSSION

### A.   Federal Rule of Civil Procedure 8

Plaintiff's SAC still fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).  Further, Rule 8(d)(1) provides:  "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory

and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

## B.  Declaratory and Injunctive Relief

As the Court has previously apprised plaintiff, his transfer from CSP-LAC renders his request for declaratory and injunctive relief moot because plaintiff is no longer subject to the policies and practices of CSP-LAC regarding the provision of writing materials to indigent prisoners. The Ninth Circuit has recognized that the transfer of an inmate from a prison generally moots any claims for injunctive relief based on the prison's policies. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). Like plaintiff does here, the inmate in *Dilley* argued that his injunctive relief claim — based on inadequate access to legal materials — should nevertheless survive because it was capable of repetition, yet evading review. The Ninth Circuit rejected this argument for two reasons. First, the Ninth Circuit held that this type of claim did not challenge action by the prison that was too short in duration to be fully litigated before it ends. *Id.* at 1368-69. Similarly, nothing about the alleged policy regarding pen fillers and paper at CSP-LAC indicates that it would escape review because of its short duration. Second, the Ninth Circuit found in *Dilley* that there was no reasonable expectation that the inmate would be transferred back to the original prison and subjected again to the challenged policies. *Id.* The same holds true regarding plaintiff in the present case; plaintiff does not allege that he is likely to be transferred back to CSP-LAC. *See also Preiser v. Newkirk*, 422 U.S. 395, 402-04 (1975) (inmate's request for declaratory judgment rendered moot by inmate's transfer to another prison).

## C.    The Eleventh Amendment

As the Court previously has apprised plaintiff, the Eleventh Amendment bars his federal civil rights claims for monetary damages against the individual defendants in their official capacities.

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it.  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages."  *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988).  To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed."  *Pennhurst*, 465 U.S. at 99.  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  *See BV Engineering v. University of California*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity).  Finally, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Because the California Department of Corrections and Rehabilitation ("CDCR") is a state agency, it is immune from civil rights claims raised pursuant to § 1983.  *See Pennhurst*, 465 U.S. at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections).   Because the individual defendants are alleged to be employees of the CDCR (*see* ECF No. 25 at 4-7), plaintiff may not seek monetary damages against state employees in their official capacities.  Moreover, because

plaintiff's requests for declaratory and injunctive relief are moot, plaintiff may not proceed with any claims against the named defendants in their official capacities.

### D.    Access to the Courts

In his Claim I, plaintiff alleges a "[d]enial of [his] First Amendment due process rights of access to the courts." (ECF No. 25 at 9.)

First, to the extent that plaintiff is alleging that defendants' denial of his requests for pen fillers and paper violated his federal constitutional right of access to the courts, in order for plaintiff to state such a claim, he must show that he suffered an "**actual injury**" that was caused by defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). In order to establish an "actual injury," plaintiff "must show that official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 (alteration in original)). The right of a prisoner's access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. As the Ninth Circuit has stated, the Supreme Court has "made clear" that prisoners are guaranteed "no particular methodology [in accessing the courts], but rather the conferral of a capability − the capability of bringing contemplated challenges." *Phillips*, 588 F.3d at 655. Moreover, the Ninth Circuit has held that the Supreme Court's opinion in *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977), requires only that prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts." *Phillips*, 588 F.3d at 656.

It is true that the Supreme Court in *Bounds*, 430 U.S. at 824-25, held that, "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents." However, the Supreme Court subsequently made it clear that the lack of paper or pens alone is not enough to state a claim for

11

denial of access to the courts. Rather, a prisoner must also set forth factual allegations showing that defendants' "acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Phillips*, 588 F.3d at 655 (quoting *Lewis*, 518 U.S. at 351 (alteration in original)). Moreover, the constitutional right of access to the courts for prisoners is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his *Bounds* claim."); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1159-60 (9th Cir. 2003) (explaining that "a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim"). As the Supreme Court stated in *Lewis* (*id.* at 355, explaining their earlier decision in *Bounds*): "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

In his SAC, plaintiff alleges that one Los Angeles County Superior Court case was dismissed. However, plaintiff alleges that his last contact with the Superior Court in that case was in February 2013, but plaintiff did not request pen fillers and paper from any defendant prior to November 2014, long after the Superior Court case had concluded. (ECF No. 9-10.) Accordingly, plaintiff's factual allegations are entirely insufficient to raise a reasonable inference that the denial of pen fillers or paper by any defendant **caused** plaintiff's Superior Court case to be dismissed. Nor does plaintiff allege that the Superior Court case, which was a civil suit against an individual (*id.* at 9), concerned plaintiff's conditions of confinement.

Accordingly, plaintiff's factual allegations, even construed liberally, fail to allege either that plaintiff suffered an "actual injury" to any case challenging plaintiff's sentence or conditions of his confinement, or that the actions of any

defendant hindered his efforts to raise any such claim.  *See, e.g., Rose v. Montana*, 422 Fed. App'x 631, 631-32 (9th Cir. 2011) (finding the district court properly dismissed plaintiff's "access-to-courts claims because either they pertained to state law tort causes of action, or Rose failed to allege facts showing how defendants' acts hindered his efforts to pursue challenges to his criminal conviction or prison conditions" citing *Lewis*) (now citable for its persuasive value per Ninth Circuit Rule 36-3); *Terry v. Cal. Dep't of Corr. & Rehab.*, 2013 WL 1561432, at *4, 2013 U.S. Dist. LEXIS 53288, at *15 (C.D. Cal. Mar. 7, 2013) ("the right of state prisoners to access the courts is not absolute; rather, it is limited to allowing prisoners the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts" and "[a] prisoner has no right to court access for any other type of action," citing *Lewis*, 518 U.S. at 355) (internal quotation marks omitted)).

Second, to the extent that plaintiff may be purporting to raise a federal civil rights claim arising from his allegations that defendants denied him "access to the grievance procedure" (*id.* at 11) or from his allegations that defendants failed to adequately answer or investigate the numerous administrative grievances that he filed, a prisoner has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause.  *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  In his SAC, plaintiff once again fails to set forth factual allegations that raise a reasonable inference that any defendant responsible for

handling plaintiff's grievances "actually knew" that his or her failure to adequately resolve the grievances placed plaintiff at a serious risk.  *See, e.g., Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (*en banc*) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner mush show both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015). Although plaintiff sets forth conclusory allegations that he let the appeals coordinators know that they were hampering plaintiff's ability to contact his family and that they were aware that he was "mentally ill" and "suffering from depression," (*id*. at 21), plaintiff also alleges that he attempted suicide slightly more than one month after his first request for pen fillers and paper on November 11, 2014 (*id*. at 10, 22 (*see also* attachment at 36 stating that plaintiff requested supplies from November 11, 2014, to May 6, 2015)).   Accordingly, plaintiff's factual allegations fail to raise a reasonable inference that the alleged actions of any defendant **caused** plaintiff's mental illness to worsen or that any prison official was aware that the denial of plaintiff's request for pen fillers and paper would place plaintiff at a serious risk of harm.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### E.    First Amendment Right to Freedom of Speech

Plaintiff's SAC purports to raise his Claim II for "denial of my First Amendment right to freedom of speech." (ECF No. 25 at 18.)  He incorporates the "supporting facts" and defendants mentioned in Claim 1.  (*Id*.)  In this claim, plaintiff alleges that each defendant "violated my right to freedom of speech by not supplying a writing instrument or paper" to an indigent inmate.  (*Id*.)

14

Although inmates have a First Amendment right to send and receive mail, prison officials "may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  Here, plaintiff does not allege that defendants censored his outgoing mail, but rather, that the alleged failure to provide indigent prisoners with pen fillers and paper interfered with plaintiff's First Amendment right to send non-legal mail.  Prisoners, however, do not have a constitutional right to unlimited free access to the mail.  Prison administrators may balance the cost of providing supplies against plaintiff's First Amendment right to send non-legal mail. *See, e.g., Walker v. Davis*, 533 Fed. App'x 471 (5th Cir.), *cert. denied*, 134 S. Ct. 643 (2013); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir. 1986) ("However, although prisoners have a right of access to the courts, they do not have a right to unlimited free postage.") (citing *Bach v. Coughlin*, 508 F.2d 303, 307-08 (7th Cir. 1974)).  Further, the Court does not accept as true plaintiff's conclusory allegation that defendants were "hampering, denying my ability to contact my family," or that defendants' actions denied plaintiff the ability to write letters.  *See Iqbal*, 556 U.S. at 678; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").  Plaintiff does not set forth any factual allegations allowing the Court to draw a reasonable inference that the actions of defendants in not providing pen fillers and paper denied plaintiff the ability to contact his family at any point in time.  To the contrary, plaintiff's factual allegations indicate that he was able to write grievances in pencil or a "borrowed pencil" (ECF No. 25 at 11, 15), that he begged and borrowed paper, pen fillers, and pencils, which was stressful, but did not prevent him from communicating (*id.* at 23), and that his request for pen fillers and paper was "accommodated" at least one time (*id.* at 12).  Moreover, the record of plaintiff's own litigation history in this

Court shows that plaintiff had sufficient access to paper and writing utensils to submit more than 190 handwritten pages in six of his separate lawsuits between July 2015 and the beginning of June 2016.

Accordingly, plaintiff's SAC fails to set forth sufficient factual allegations to "nudge" a First Amendment claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.

### F.   Eighth Amendment

In his Claim III, plaintiff alleges a "denial of my Eighth Amendment right to be free from cruel and unusual punishment." (ECF No. 25 at 20.)  Once again he incorporates the defendants and supporting facts of Claim I.  (*Id*.)  Plaintiff alleges that defendants' decision not to act "constitutes deliberate indifference as it allowed the violations to continue in a manner inconsistent with established law."  (*Id*.)  Plaintiff alleges that defendants were aware of a "risk of harm," but the only "harm" he alleges is that he was suffering from depression and that he let them know that "they were hampering, denying my ability to contact my family, one who was terminally ill." (*Id*. at 21.)

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A prison official is "deliberately indifferent" if that official is "subjectively aware of the risk and does nothing to prevent the resulting harm." *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 828-29).  To be subjectively aware of a risk, the prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837. Further, a plaintiff must allege that, objectively, "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834.  Further, a plaintiff must allege that the "defendants' failure to act was a proximate cause of the harm

that he suffered." *Castro v. County of Los Angeles*, 797 F.3d 654, 665-66 (9th Cir. 2015).

Here, as discussed above, plaintiff does not set forth factual allegations supporting a reasonable inference that a failure to act on the part of any defendant *caused* plaintiff to be exposed to a substantial risk of serious harm.   Further, plaintiff does not set forth any factual allegation that, objectively, defendants' failure to provide him with pen fillers and papers created a substantial risk of serious harm.   Finally, plaintiff's allegations are insufficient to raise a reasonable inference that any defendant was actually aware of any risk of serious harm.

Accordingly, plaintiff's SAC fails to set forth sufficient factual allegations to "nudge" an Eighth Amendment claim "across the line from conceivable to plausible."

## G.   Fifth Amendment

In his Claim IV, plaintiff alleges an "impermissible taking" under the Fifth and Fourteenth Amendments arising from the allegation that Warden Soto "misappropriated funds set for the funding of pen fillers." (ECF No. 25 at 24.)

Once again, the Court does not accept as true plaintiff's entirely conclusory allegations.  Plaintiff's SAC does not set forth any factual allegations showing that any funds set aside for providing pen fillers or paper to indigent inmates were "misappropriated" or that the Warden took any specific action, participated in the actions of another, or failed to take any action that he was legally required to do that caused any alleged constitutional violation.   "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original).   Further, the

17

Supreme Court has made it clear that a plaintiff "must plead facts sufficient to show that [his] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam).  Plaintiff sets forth no factual allegations showing that this claim has substantive plausibility.

************

The Court therefore finds that the SAC fails to comply with Rule 8 and fails to state a claim upon which relief may be granted.  **If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than November 18, 2016, remedying the deficiencies discussed above.** The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original complaint, the First Amended Complaint, the Second Amended Complaint or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

///

///

///

///

///

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.


DATED:  October 11, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE